DEAN H. LEITH, JR., AND ELIZABETH LEITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leith v. Commissioner
Docket No. 1856-83.
United States Tax Court
T.C. Memo 1983-670; 1983 Tax Ct. Memo LEXIS 117; 47 T.C.M. (CCH) 255; T.C.M. (RIA) 83670; November 8, 1983. Jacob H. Herzog and James M. Reilly, for the petitioners. Frances F. Regan, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction, filed on March 14, 1983, and heard on May 23, 1983. The sole issue for decision is whether the timely-mailing/timely-filing provisions of section 7502 [1] apply where the taxpayer places the petition in the hands of a private courier service for hand-delivery to this Court. *118 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners Dean H. Leith, Jr., and Elizabeth Leith, husband and wife, resided in Troy, New York, when they filed their petition herein. Petitioners filed joint Federal income tax returns for the years 1978, 1979, and 1980 with the Internal Revenue Service Center at Andover, Massachusetts. On Thursday, October 28, 1982, respondent sent the notice of deficiency to petitioners at their last known address in Troy, New York, by certified mail. In the notice of deficiency, respondent determined the following deficiencies in petitioners' Federal income tax: Addition to Tax
Year
Deficiency
Sec. 6653(a)
1978
$251.75
$12.59
1979
13,248.16
662.41
1980
20,031.19
1,001.56
Wednesday, January 26, 1983, was the 90th day after respondent mailed the statutory notice of deficiency and it was not a legal holiday in the District of Columbia. On Wednesday, January 26, petitioners' attorney hand-delivered to a private courier service a petition for redetermination of petitioners' tax liability. The private courier service hand-delivered the petition to this Court in Washington, *119 D.C., on Thursday, January 27, 1983, at 9:59 a.m. After the petition was filed with the Court, respondent filed a motion to dismiss for lack of jurisdiction because the petition was not filed within the time prescribed by section 6213(a) or section 7502. OPINION It is clear that a petition for redetermination of a deficiency must be filed with this Court within 90 days after the notice of deficiency is mailed to the taxpayer [2] and that timely filing of a petition is a jurisdictional prerequisite. Sec. 6213; Brown v. Commissioner,78 T.C. 215, 220 (1982); Rule 13(c), Tax Court Rules of Practice and Procedure. Petitioners admit that the notice of deficiency was mailed on October 28, 1982, and that the 90-day period in which to file the petition ended on January 26, 1983. Petitioners also admit that the petition was hand-delivered and filed with the Court on the 91st day, January 27, 1983. Therefore, unless section 7502 applies we must dismiss the case for lack of jurisdiction. See Brown v. Commissioner,supra at 220. *120 In general section 7502 treats a petition as timely filed if it is timely "mailed." In support of their position, petitioners argue that the petition was timely "mailed" on the 90th day, when they delivered the petition to a private courier service, and therefore, under section 7502 it was timely filed. We disagree. This Court considered and rejected this identical argument in Blank v. Commissioner,76 T.C. 400 (1981). [3] In Blank we held that section 7502(a) applies only when documents are deposited for delivery with the United States Postal Service, and that "section 7502 does not apply when delivery is made by a private delivery service rather than by the U.S. Postal Service." 76 T.C. at 407. We consider our decision in Blank controlling; therefore, we are compelled to dismiss this case for lack of jurisdiction. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. We note that the petition may be filed with this Court within 150 days after the notice is mailed in certain circumstances which are not present here. Sec. 6213(a).↩
3. We have also rejected this identical argument under similar facts in Winchell v. Commissioner,T.C. Memo. 1983-221 and in Levinsky v. Commissioner,T.C. Memo. 1982-544↩.